# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| NAPOLEON GRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 5:16-CV-406 (MTT) |
| | ) |
| STATE OF GEORGIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

As discussed below, the Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** pursuant to the Prison Litigation Reform Act as frivolous and for failure to state a claim for which relief can be granted.

## I. DISCUSSION

The Plaintiff's handwritten complaint is difficult to read, and what content is legible is difficult to understand. *See, e.g.*, Doc. 1 at 3 ("I ask them do they think that the Magistrate Judge would be upset if I told him that he looked like that wresting Steave Austin and they laughed and sayd that that would probbly be a comment well he did that Judge laughed and said to me Mr Gray you are charge with a charge but that do not meant that I was guilty of it and he said that he would type up my bond his self and let me sign it and let me go see Bill Massey the sheriff in Baldwin County and they all went to laughing those guys are some of the nices officers in the world just like those United States Marshals in the United State Federal Courthouse in Macon Ga also everyone that work their but anyway Baldwin County Sheriff Office pick me up on 7-26-

2016 . . . ." (errors in original)). But the Plaintiff appears to, at least in part, contest his prison conditions. *See* Doc. 1 at 11 ("On 08-31-2016 on second shift . . . S[ergeant] John Doe had tr[i]ed to a[m]bush me out [of] my cell with the inte[n]tion to try to kill me with the help of his co-workers . . . ."). And the Plaintiff appears to have been a person incarcerated or detained in a facility accused of, convicted of, or sentenced for violations of criminal law or the terms and conditions of parole. *See* Doc. 1 at 3 ("I was t[a]ken to the Baldwin County LEC[.] I was booked on vi[ola]tion [of] probation for committing the new offense of about 7-17-2016 in Monroe County Georgia . . . ."); *id.* at 11 (envelope with "Baldwin County Jail" as the Plaintiff's return address). Accordingly, the Prison Litigation Reform Act applies. *See* 42 U.S.C. §§ 1997e(c)(1) (requiring limitations of a plaintiff's right to sue if the plaintiff is a prisoner and brings suit with respect to prison conditions under § 1983), (h) (defining "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program").

Pursuant to the PLRA, the Court "shall . . . dismiss the complaint" if the Court finds that the complaint "is frivolous, malicious, or fails to state a claim upon which relief can be granted" or the complaint "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Here, the Plaintiff seeks, to be distributed to the families of police officers who are recent victims of targeted violence, $250 million each from the following Defendants: the State of Georgia, Governor Nathan Deal, State Attorney General Samuel Olens, Baldwin County Board of Commissioners, "Baldwin County County Attorney", Baldwin County Sheriff Bill Massey,

Baldwin County LEC, Georgia Department of Corrections, Bibb County Sheriff Davis, Bibb County Board of Commissions, and Bibb County Attorney. Doc. 1 at 1, 9. A pro se litigant's pleadings "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks and citation omitted). But even liberally construed, the Plaintiff's complaint, at least in the portions the Court can decipher, clearly fails to state any non-frivolous claim or claim upon which relief can be granted. Moreover, many of the Defendants plainly enjoy immunity from the suit, and the Plaintiff has not alleged facts that would eliminate such immunity. In sum, the Plaintiff's complaint makes very little sense, and it fails to connect the Defendants to any deprivation of the Plaintiff's constitutional rights.

## II. CONCLUSION

Accordingly, pursuant to 28 U.S.C. § 1915A(b), the Plaintiff's complaint is **DISMISSED without prejudice**.

**SO ORDERED**, this 7th day of December, 2017.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT